SCANNED at Hartford Correctional
and Emailed Center
2/8/2022 by CJ . 30 pages
date        initials    No.

TO: UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
CLERK ROBIN TABORA

FROM: THOMAS V. FRADY #410574
PETITIONER FOR HABEAS CORPUS
UNDER 28 U.SC. § 2241

Re; REQUEST FOR ADMITTANCE
OF PETITION UNDER 28 U.SC. 2241
- AFFIDAVIT IN REQUEST FOR COUNSEL
- FILING FEE ($5.00)

FEBRUARY 7, 2022

DEAR CLERK,

Please recieve the following filing VIA E.Cf AND
REQUEST FOR ADMITTANCE UNTO JUDICIAL DOCKET OF
PETITION FOR HABEAS CORPUS UNDER 28 U.SC. § 2241.

IN ADDITION, PLEASE ACKNOWLEDGE VIA RECIPT,
FILING FEE ON BEHALF OF REQUISITE PROCESS.

(ONE)

MY CURRENT PLACE OF CONFINEMENT IS:

THOMAS FRADY #410584
HARTFORD CORR.
177 WESTON ST
HARTFORD, CONNECTICUT
06120

RESPECTFULLY,

Thomas Frady #410584

(TWO)

# UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS V. FRADY )
                    PETITIONER )
                                )
        V- )
                                )
                    RESPONDENT )
CHRISTOPHER BUSH Asst. A.G )
STATE OF RHODE ISLAND )

# PETITION

## PETITION FOR WRIT OF HABEAS CORPUS
### UNDER c. 28 U.S.C. § 2241

Now Comes, THE PETITIONER, THOMAS FRADY AND SEEKS A HEARING FOR ISSUANCE OF WRIT OF HABEAS CORPUS ACCORDING TO 28 U.S.C. § 2241, (c)-(2)-(3) RESPECTIVELY, CITING ILLEGAL CONSTRAINT, IN CONTRAST TO U.S.C.A, AMEND (6) RIGHT TO SPEEDY TRIAL, DUE PROCESS, 18 U.S.C. APP II ART. III-IV

## MEMORANDUM IN SUPPORT

### INTRODUCTION:

1. THE PETITIONER IS CURRENTLY DETAINED AT HARTFORD CORRECTIONAL ON A 250,000 BOND AS EMMINATING FROM STATE OF NEW HAMPSHIRE

2.) PETITIONER STATES BOND IS NOT COGNIZANT AS A (NO BOND) WARRANT EXISTS IN STATE OF RHODE ISLAND, PRECLUDING THE PETITIONER RELEASE IN ANY FORM

( ONE )

3.) VIA (PRO SE) ATTEMPTS TO COMPEL DISSOLUTION OF
RHODE ISLAND CRIMINAL CASE No. (K2-2019-0225)
BEGINNING IN 2020 (UNIFORM INTERSTATE AGREEMENT ON
DETAINERS) "I.A.O" 18 U.S.C. APP. II ART. I - IV
TO NO AVAIL. (SEE EXHIBIT     )

4.) A MOTION TO DISMISS WAS FILED IN JUNE 2020 UNTO
KENT SUPERIOR COURT (RHODE ISLAND) CITING A VIOLATION
OF (ART IV) OF 18 U.S.C. APP. II   (180-DAY RULE)
(SEE DOCKET ENTRY - KENT SUP. CT EXHIBIT    )

5.) AFTER SEVERAL ATTEMPTS TO COMPEL RESOLUTION DURING
MY (3) YEAR EFFECTIVE SENTENCE IN CONNECTICUT (D.O.C)
A 28 U.S.C. § 2241 PETITION WAS INITIATED (PRO SE)
IN SEPTEMBER 2020. OR 8 MONTHS AFTER (I.A.O)
REQUEST WAS TRANSMITTED UNTO RHODE ISLAND FOR
RESOLUTION OF (K2-2019-0225)

6.) ON FEBRUARY 2, 2021 U.S.D.C. FOR DISTRICT OF CONNECTICUT
EXERCISED ITS INHERENT POWER TO TRANSFER THE
(2241) UNTO DISTRICT OF RHODE ISLAND VIA 28 U.S.C. § 1404 (A)

7.) ON MARCH 6, 2021 U.S.D.C. DISTRICT OF RHODE ISLAND COMPELLED
THE RESPONDENT TO ANSWER THE PETITIONER HABEAS PETITION
UNDER 28 USC 2241 WHEREAS, THE RESPONDENT SOUGHT DISMISSAL
IN PETITIONER FAILURE TO EXHAUST STATE REMEDY, AND
NOTED REQUESTED RELIEF IN STATE COURT, ASKED TO DISMISS
THE DETAINER IN (K2-2019-0225) ONLY
                    ( TWO )

8.) ON APRIL 14, 2021 STATE OF RHODE ISLAND RESPONDANT, A.A.G. BUSH, DISMISSED THE DETAINER AS IN EFFECT, INHERINT TO (K2-2019-0225)

9.) ON 8-17-2021 U.S.D.C. DISTRICT OF RHODE ISLAND DISMISSED (WITHOUT PREJUDICE) THE PETITIONER' HABEAS REQUEST CITING FAILURE TO EXHAUST STATE REMEDY, BY SEEKING DISMISSAL OF K2-2019-0225 IN STATE SETTING, AND DUE TO RECALL OF DETAINER IN K2-2019-0225 THE POINT IS ESSENTIALY MOOT

10) ON SEPTEMBER 21, 2021. THE PETITIONER ONCE AGAIN FORWARDED AN IN-DEPTH MOTION AND MEMORANDUM OF LAW UNTO THE STATE OF RHODE ISLAND KENT SUPERIOR COURT SEEKING HEARING AND ADJUDICATION VIA DISMISSAL OF K2-2019-0225 TO NO AVAIL.

11.) DECEMBER 30, 2021 THE PETITIONER COMPLETED THE EFFECTIVE CONNECTICUT TERM OF CONFINEMENT AND WAS ARRESTED AND HELD ON 250,000 BOND FOR STATE OF NEW HAMPSHIRE UPON RELEASE

12.) THE PETITIONER CLAIMS THE BOND AS SET IS NOT COGNIZANT DUE TO RHODE ISLANDS ACTIVE WARRANT AND (NO BOND) ATTACHMENT EQUATING A CONSTRAINT INSURMOUNTABLE TO SATISFY

(THREE)

13.) THE PETITIONER IS CURRENTLY HELD AT HARTFORD
CORRECTIONAL ADAMENTLY OPPOSING EXTRADITION
UNTO STATE OF NEW HAMPSHIRE  CITING JURISDICTIONAL
VENUE OF (I.A.D.) 18 USC APP II ART. III - IV .
RENDITION AS (PENDING LITIGATION) WITH ALL INCLUSIVE
RIGHT TO SPEEDY TRIAL UNDER U.S.C.A. Const. Amend IV
DUE PROCESS, THEREIN. (IN-STATE) AND UNRESOLVED

14.) PETITIONER SEEKS HEARING ON HABEAS RELIEF
WITHIN:  1.) JURISDICTION AFFORDING ABILITY TO GRANT
PHYSICAL HEARING

2.) RETAIN JURISDICTION AS BASED ON SHOWING
OF "EXTREME PREJUDICE" GIVEN (2 year) WINDOW
IN ATTEMPT TO RESOLVE CONSTRAINT

( FOUR )

Due to the inability of submitting typewritten
text in this petition, I ask of the court to
allow the admission of this text as submitted
and to include the (argument) and (applicable)
law segregate texts in composition of the
petition as requested habeas relief under
28 U.S.C. § 2241 Respectively.

(FIVE)

## A R G U E M E N T

**11.)** A.A.G. Bush Contends the State Of Rhode Island was
Precluded from any opportunity in Out-Of State Rendition
to effect due to the Pandemic. (See Exhibit 4)

To Wit; The (I.A.D.) Request and Offer of Temporary
Custody was recieved by the State Of Rhode Island
Pre-Pandemic, Effectively Initiating the (180) Day rule
under 18 U.S.C.App.2,Art3-5. It should be depicted as
Unreasonable to Accept the States' Position a "Total"
Suspension of Out-Of-State Rendition has consistently
Ensued since the Pandemics Inception, Or Offer resolution
Before this Court Session, in Excess Of 18 Months,
Moreover, A.A.G. Bush failed to even remit a Cursory Letter
unto Connecticut Officials apprising its intent

**12.)** In March 2021, A.A.G. Bush represented to the R.I.,U.S.D.C
the Defendant' 2241 Petition should be dismissed as an
Exhaustion Clause Should preclude the action as a matter
was Unexhausted in Rhode Island State Court Session,
(Refering to Defendant' Motion to Vacate) as filed over
a year earlierin Kent Superior Court

To Wit; The State' A.A.G. Diligently represents it's
Pragmatic position of preclusion from ordinary rendition
due to Pandemic Protocols, Accentuates a pending motion
to Vacate a detainer as attached to (K2-2019-0225(a) as
filed in Kent County, Without Explanation, recalls it's
own Detainer, yet retains an Active Warrant (SC-0093204)

**13.)** In addition to the States Response A.A.G. Bush cites
the Defendant' Original Motion upon Kent Superior Court
(Motion To Vacate Detainer) never sought dismissal of
(K2-2019-0225(A) directly, only inherit Detainer as attached
theirin, essentially now a Moot issue, as the State has
decided to recind it's detainer on it's accord

To Wit; Notwithstanding, The States A.A.G. in it's
Disregard for the Rigid and Pragmatic structure of the
(I.A.D.) 18 U.S.C.App,2.Art3-5. has created an irrevocable
Prejudicial bar upon the Defendant' and thereby seeks
Dismissal of (K2-2019-0225(a) as based on the Foregoing
Applicable Law



## A P P L I C A B L E   L A W

**14.)** The Defendant request for dismissal relies solely on the well-established Axiom of Application of the (I.A.D.) **18 U.S.C. App,2.sec2.Art 5.(a)** Availability of Application, Construction, and Remedial Relief due prisioners when Violation Of Process (Procedural) Occures

**15.)** **On** Prescribed remedial reliefapplicable to (I.A.D.) Dismissal Without Prejudice is appropriate less showing of "Bad Faith" in **U.S V. GEZELMAN 522F.Sup.2d 344 (2007)** Dismissal without prejudice was applicable, However in the Instant Case, the lapse of time from inception of original (I.A.D.) of 18 Months, Surpasses the "Prejudice" of "GEZELMAN" by 3 times, what should be readily construed as Prejudicial

**16.)** On January 7, 2020 the Uniform (I.A.D.) Process was triggered into action when Connecticut D.O.C. relayed the Defendant desire to resolve the complaint relative to (K2-2019-0225(A)) unto Rhode Island officials Sequentialy triggering Speedy Trial Requirements attached thereby, **U.S. V. MAURO 436 U.S. 340 (Supra)** [I.A.D. is initiated by prisoner depicting willingness to resolve legal matters by which the "Framers" of Uniform I.A.D. depict as (180) Days unless formal continuance before court, and/or Defendant Assent]

**17.)** While the State A.A.G., has made no attempt to rely on De Minimus Circumstances in failure to adhere to procedural parameters in this process (I.A.D.), in any regard **ALABAMA V. BOZEMAN 533 U.S.153** States:[The I.A.D. in Short Means what it says, Even if a Violation may seem to be "Technical" The Court adds in an oppinion of (7) Justices, Whereas, Justice Breyer Mandates "Strict Application" of the I.A.D. and in showing prejudice, Dismissal is required]

**18.)** In **U.S. V. McKINNEY 395 F3d. 837 (2005)** [The I.A.D. States a prisoner whom has a detainer lodged against him, in custody, shall be brought to trial within 180 days, after proper notice of his request is transmitted] In McKinney, the discussion of "Abuse Of Discretion" ensues as standard in determination of circumstances prompting dismissal



WHEREFORE, THE PETITIONER SEEKS RELIEF IN THE FOLLOWING FORM(S) OR THAT IS DEEMED TO BE JUST AND PROPER

1.) ORDER ISSUANCE OF HABEAS UNTO PETITIONER PLACE OF CONFINEMENT TO COMMENCE HEARING ON THE MERITS OF HIS PETITION UNDER 28 USC § 2241

2.) ORDER REMAND OF PETITIONER UNTO THIS JURISDICTION OR JURISDICTION IN WHICH CONSTRAINT EMMINATES, (WYATT DETENTION CENTER - R.I) PENDING RESOLVE OF (K2-2019-0225)

3.) ORDER DISMISSAL OF (K2-2019-0215) AND INHERENT WARRANT (SC-093204) WITH PREJUDICE

4. ORDER APPOINTMENT OF FEDERAL COUNSEL AS PER PETITIONER AFFIDAVIT AND REQUEST HEARING

( EIGHT )